UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK JEROME HARVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2687 CDP |
| | ) | |
| FLORISSANT POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Derrick Jerome Harvey seeks leave to commence this action without payment of the required filing fee. Upon review of plaintiff's financial affidavit, the Court will grant the motion. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will order plaintiff to submit an amended complaint.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against the Florissant Police Department. Plaintiff states that while he was in police custody for a traffic warrant, an unnamed police officer assaulted him. Plaintiff states the assault was so severe he was rushed to the hospital with a head injury, a bruised jaw, and a bruised hernia. For relief, plaintiff seeks compensation in the amount of $100,000.00 for violation of his civil rights.

## Discussion

Plaintiff has named only the Florissant Police Department as a defendant. He has not named the police officer responsible for his injury as a defendant, nor does he name the police officer in the body of his claim. Relevant precedent establishes that a department of subdivision of local government is not a "juridical," or suable, entity under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Therefore, plaintiff's claim against the Florissant Police Department fails as a matter of law. *See Ballard v. Missouri*, 2013 WL 1720966, *3 (E.D. Mo. Apr. 22, 2013) (holding that "[p]laintiff's claims against the City of St. Louis Department of Public Safety, the St. Louis County Justice Center, the City of St. Louis Justice Center, and MSI/Workhouse are legally frivolous because these defendants are not suable entities").

In addition, even if the Court were to liberally construe plaintiff's allegations as brought against the City of Florissant and substitute the municipality as defendant, plaintiff's allegations would not state a claim of municipal liability. Liability under § 1983 may attach to a municipality if the constitutional violation resulted from: (1) an official municipal policy; (2) an unofficial custom; or (3) a deliberately indifferent failure to train or supervise. *Monell v. Dept. of Soc. Servs*

of City of New York*, 436 U.S. 658, 691 (1978), *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989); *see also Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (explaining that under § 1983, the plaintiff must demonstrate either that the municipality had a policy or custom that caused the constitutional violation or that the municipality or municipal employee exhibited deliberate indifference to the plaintiff's constitutional rights by failing to adequately train or supervise its employees) (citing *City of Canton*, 489 U.S. at 378-92). The instant complaint does not contain any allegations that a policy or custom of the City of Florissant was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted against defendant City of Florissant.

Because of the serious nature of the allegations in the complaint, the Court will not dismiss the case at this time. Instead, the Court will give plaintiff the opportunity to file an amended complaint. In his amended complaint, plaintiff shall name as defendants (in their individual capacities) the person or persons directly responsible for his injuries. Plaintiff shall have twenty-one (21) days from the date of this Memorandum and Order to file his amended complaint on a court-provided form. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not re-alleged are deemed abandoned. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint on a court-provided form within twenty-one (21) days, the Court will dismiss this action without prejudice.

Plaintiff's motion for appointment of counsel will be denied at this time. Although plaintiff has alleged serious claims, none of his claims have, of yet, survived frivolity review.

Thus, counsel is simply not warranted at this time. Plaintiff may, of course, move for counsel at a later time, if it appears that counsel is warranted if this case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff a copy of the Court's Civil Complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint on the court-provided form no later than twenty-one (21) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice. [ECF No. 3]

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 16th day of November, 2017.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE