UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DERRICK JEROME HARVEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-2687 CDP |
| | ) |
| FLORISSANT POLICE DEPARTMENT, | ) |
| UNKNOWN OFFICER LEO, and | ) |
| UNKNOWN OFFICER MAKIK, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on initial review of pro se plaintiff Derrick Jerome Harvey's amended complaint under 28 U.S.C. § 1915(e).

## Background

On November 16, 2017, the Court issued a Memorandum and Order granting plaintiff in forma pauperis status and waiving his filing fee. Because plaintiff had named only the Florissant Police Department as a defendant, however, the complaint was subject to dismissal. *See* ECF No. 5. Because of the serious nature of plaintiff's allegations, the Court allowed plaintiff to amend his complaint. On December 5, 2017, plaintiff filed an amended complaint.

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must

demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Amended Complaint**

Plaintiff brings his amended complaint under 42 U.S.C. § 1983, alleging defendants City of Florissant, and Florissant Police Officers Unknown Leo and Unknown Malik violated his constitutional rights.

Plaintiff states that on November 3, 2017, he stopped at a QuickTrip gas station on his way to work. Inside the store, plaintiff and a sales associate exchanged heated words. As he left the store, plaintiff was met outside by a Florissant police officer. The police officer asked plaintiff if everything was all right, and plaintiff responded yes. As he continued walking to his van, however, three or four Florissant police vehicles approached. These officers asked to see plaintiff's driver's license. Because plaintiff had an outstanding warrant for a traffic violation in Hazelwood, he was taken into custody by Florissant police.

At the Florissant police station, plaintiff states he was brutally attacked by Officer Leo and thrown to the ground. Plaintiff states that while on the ground with his hands behind his back, Officer Leo placed his knee on plaintiff's neck. Plaintiff yelled that he could not breathe. Officer Leo hit plaintiff in the jaw, kicked him in the groin, and kneed him in the head.

Plaintiff's head hit the wall, and he was seriously injured. Both officers quickly rushed plaintiff to the hospital where plaintiff told medical personnel that he feared for his life.

After arriving back at the Florissant police department from the hospital, Hazelwood police attempted to place plaintiff in custody on his traffic warrant. Plaintiff was still in severe pain, and Hazelwood police transported him to DePaul Hospital where plaintiff was diagnosed with a bruised hernia.

Plaintiff seeks monetary damages against defendants arising out of their alleged use of unlawful force.

## Discussion

An excessive force claim is analyzed under the Fourth Amendment's objective reasonableness standard. *See Kuha v. City of Minnetonka*, 328 F.3d 427, 434 (8th Cir. 2003). This test "is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). "[I]ts proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

Having carefully reviewed and liberally construed plaintiff's complaint, the Court finds plaintiff has stated a plausible claim for excessive force in violation of the Fourth and Fourteenth Amendments against Officer Leo. The Court will issue process or cause process to issue on this defendant.

The Court will dismiss plaintiff's claims against the Florissant Police Department and Officer Malik. As the Court stated in its Memorandum and Order dated November 16, 2017, the

Florissant Police Department is a subdivision of local government. The Florissant Police Department is not a "juridical," or suable, entity under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Therefore, plaintiff's claims against the Florissant Police Department fail as a matter of law. *See Ballard v. Missouri*, 2013 WL 1720966, *3 (E.D. Mo. Apr. 22, 2013) (holding that "[p]laintiff's claims against the City of St. Louis Department of Public Safety, the St. Louis County Justice Center, the St. Louis City Justice Center, and MSI/Workhouse are legally frivolous because these defendants are not suable entities").

As to Officer Malik, plaintiff alleges only that "while Officer Malik turned his head while saying stop whining like a baby, Officer Leo threw me on the ground." Plaintiff has made no allegations that Officer Malik used unlawful force or violated any of plaintiff's constitutional rights. The Court finds plaintiff's claims against Officer Malik do not rise to the level of a constitutional violation, and do not survive review under § 1915(e)(2)(B). The Court will dismiss plaintiff's claims against Officer Malik.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint, as to defendant Officer Leo of the Florissant Police Department in his individual capacity.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Florissant Police Department and defendant Officer Malik of the Florissant Police Department are **DISMISSED without prejudice**.

An Order of Partial Dismissal will accompany this Memorandum and Order

Dated this 22nd day of February, 2018.

                                                 CATHERINE D. PERRY
                                                 UNITED STATES DISTRICT JUDGE